1

2

```
_____ FILED        ._____ ENTERED
_____ LODGED       _____ RECEIVED
```

APR 23 2009      RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

3

4

5

6

## UNITED STATED DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

7

8

9   JOHN BERRY, a single man,

10                    Plaintiff,

11          v.

12  FREIGHT MASTERS SYSTEMS, INC., a
    foreign corporation; FREIGHT MASTERS
13  AUTOMOTIVE LOGISTICS, LLC, a foreign
    limited liability company; EUGENE ("Gene")
14  McFADDEN, an individual,

15                    Defendants.

No. **C09-0555**JLR

COMPLAINT FOR MONEY DUE



**09-CV-00555-CMP**

16      Plaintiff alleges:

17                      ## I.  PARTIES AND JURISDICTION

18      1.1     Plaintiff is a Washington resident who resides in this judicial district.  Plaintiff

19  is the assignee of certain accounts receivable formerly owned by Smokey Point Distributing,

20  Inc., a Washington corporation ("SPD") domiciled in this judicial district.

21      1.2     Defendant Freight Masters Systems, Inc. ("FMS") is an Indiana corporation

22  which, at all relevant times, regularly transacted business in Washington through its contracts

23  with The Boeing Company and with Plaintiff.  The claims set forth in this complaint arose

COMPLAINT FOR MONEY DUE AND OTHER RELIEF- 1

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600   FAX: (206) 223-3929

*(handwritten, left margin:)* Summons Issued SEA25637

1 from contracts to be performed in this judicial district. Defendant is subject to the personal
2 jurisdiction of this court pursuant to RCW 4.28.185(1)(a).

3     1.3    Defendant Eugene McFadden ("McFadden") is an individual residing in
4 Indiana. He is an owner of FMS (either directly or through one or more entities which he
5 controls) and is FMS' president and CEO.

6     1.4    Defendant Freight Masters Automotive Logistics, LLC ("FML") is a limited
.7 liability company formed by, or at the instigation of Defendant McFadden, under the laws of
8 the State of Indiana on January 9, 2009. On information and belief, McFadden formed FML
9 to divert business from FMS in an attempt to preserve FMS' revenue stream while at the same
10 time avoiding FMS' accrued liabilities. It is an alter ego of FMS.

11     1.5    This complaint is for money due in excess of $75,000.00, the exact amount of
12 which will be proven at trial.

13     1.6    This court has jurisdiction over the subject matter of the action by virtue of 28
14 U.S.C. §1332.

15     1.7    Venue is proper pursuant to 28 U.S.C. §1391.

16     **II.    FIRST CLAIM: MONEY DUE ON CONTRACT**

17     Plaintiff incorporates the allegations stated in paragraphs 1.1 through 1.6 and further
18 alleges against FMS and FML as follows:

19     2.1    SPD is a trucking company with an interstate motor carrier license issued by
20 the Federal Highway Administration, Bureau of Motor Carrier Safety. It operates in interstate
21 commerce throughout the Continental United States.

22

23

COMPLAINT FOR MONEY DUE AND OTHER RELIEF- 2

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600   FAX: (206) 223-3929

2.2     SPD has had a business relationship with The Boeing Company since, approximately, 1983. It has transported freight to and from Boeing facilities throughout the United States.

2.3     Commencing in 2004, Boeing approached SPD about transporting its freight through a minority owned brokerage business located in the Mid West. That broker was defendant.

2.4     Routinely, when Boeing requires service from SPD, it calls SPD's dispatch office directly for truck dispatch. SPD dispatches a truck (or trucks) to the point of origin, issues its bill of lading and transports the load.

2.5     After SPD delivers the load, it issues invoices to Defendant, with copies of the underlying bills of lading proving shipment and delivery. SPD's invoices to Defendant contain an 8% discount. Defendant, in turn, reverses the discount and invoices Boeing the full charge for the shipment. The 8% represents Defendant's brokerage fee for the shipment.

2.6     Boeing Company pays Defendant directly. Defendant, in turn, is obligated to remit freight charges to SPD (the full invoice charge less the 8% brokerage fee).

2.7     Defendant has failed to remit to SPD all charges it collected from Boeing for shipments that SPD transported.

2.8     Through the date of this complaint, SPD has billed Defendant $689,184 which is overdue and remains unpaid. Of this amount, Defendant has consented to allow SPD to bill Boeing $113,980 directly. SPD has so billed Boeing. As a result, the balance due from Defendant on SPD's invoices is $575,204.

2.9     Despite SPD's repeated demands for payment, Defendant has failed and refused to pay Plaintiff the balances due and owing on its accounts receivable.

COMPLAINT FOR MONEY DUE AND OTHER RELIEF- 3

2.10    On December 31, 2008, Plaintiff took an assignment of SPD's open account claims against Defendant.  As such, Plaintiff now owns SPD's accounts receivable claim against Defendant.

2.11    Plaintiff is entitled to judgment of $575,204 plus interest at the statutory rate of 12% per annum from the date of invoice until the amount is paid.

2.12    On or about January 9, 2009, McFadden formed FML.  FML has the same business address as FMS. On information and belief, it has the same ownership, or ownership controlled by the owners of FMS. It has the same, or substantially identical employees to FMS and serves the same customers formerly served by FMS.  FML is the alter ego of FMS.  It is liable to plaintiff as if it were the party that engaged in the conduct alleged in this complaint.

## III.    SECOND CLAIM: UNJUST ENRICHMENT

Plaintiff incorporates the allegations contained in paragraphs 1.1 through 2.11 and further alleges against FMS and FML as follows:

3.1    On information and belief, Plaintiff alleges that Defendant systematically used its accounts receivable from Boeing as collateral for one or more loans from institutional lenders on revolving lines of credit, even though 92% of the invoice charges to Boeing is billed on Plaintiff's behalf.  As a result of this practice, Defendant has been able to borrow far more than its (8%) receivable would otherwise allow.  When Boeing remits payment to Defendant, FMS uses those payments to reduce its revolving lines of credit instead of remitting payment to SPD.  As a result, FMS does not have funds available with which to pay SPD's invoices which are now owned by Plaintiff.

3.2    Through its practice of using Plaintiff's invoices to bolster, inflate, exaggerate and misrepresent its own accounts receivables to its lenders, FMS has been unjustly enriched.

COMPLAINT FOR MONEY DUE AND OTHER RELIEF- 4

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600   FAX: (206) 223-3929

1  It has secured funds from its lenders far in excess of what it could have otherwise borrowed,

2  based on the 8% commission it was due on the Boeing contract.

3     3.3  Plaintiff, as SPD's successor in interest, is entitled to be compensated for the

4  economic value FMS unjustly received by its practice of inflating and misrepresenting its

5  accounts receivables to its lenders.

6         **IV. THIRD CLAIM: CONSTRUCTIVE TRUST**

7     Plaintiff incorporates the allegations contained in paragraphs 1.1 through 3.3 and

8  further alleges against FMS and FML as follows:

9     4.1  By serving as an intermediary between Boeing and Plaintiff, FMS was in a

10 position where it acted as a collection agent for its motor carrier, SPD. By retaining funds due

11 SPD for its own purpose, including repaying a revolving loan it was not otherwise qualified to

12 receive, FMS converted such funds and was unjustly enriched at SPD's, and now Plaintiff's,

13 expense.

14    4.2  The funds FMS received from The Boeing Company (excluding the 8%

15 commission to which FMS was entitled) were received in constructive trust for Plaintiff.

16    4.3  The funds collected by FML are funds that rightly ought to be assets of FMS

17 insofar as FML is the mere alter ego of FMS. As such, all monies received by FML are funds

18 that are received in constructive trust for plaintiff and other FMS creditors.

19        **V. FOURTH CLAIM: CONSUMER PROTECTION ACT**

20    As its fourth claim, against FMS and FML, Plaintiff incorporates the allegations

21 contained in paragraphs 1.1 through 4.2 and further alleges:

22    5.1  As a broker of shipments in interstate commerce, FMS is engaged in trade or

23 commerce.

COMPLAINT FOR MONEY DUE AND OTHER RELIEF- 5

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600   FAX: (206) 223-3929

5.2     FMS' use of Plaintiff's accounts receivable to bolster, exaggerate and inflate its ability to borrow funds secured by The Boeing Company's account payable is an unfair and deceptive act or practice.

5.3     Because FMS' actions were at the expense of SPD and now Plaintiff, SPD had, and now Plaintiff has, been harmed by FMS' use of Plaintiff's accounts receivable to secure funds in excess of its own borrowing capacity.

5.4     FMS engaged in this unfair and deceptive act or practice multiple times.

5.5     Given the way in which FMS has structured its finances, there is a strong likelihood that it will repeat its financing scheme with other carriers, especially now that McFadden has formed FML to carry on FMS' line of business.

5.6     FMS' scheme is affected with a public interest.

5.7     In addition to actual damages, plaintiff is entitled to statutory damages equal to three times actual damages, up to $10,000 per violation, as well as its costs of suit, including its reasonable attorney's fees, all pursuant to RCW 19.86.090.

## VI.    FIFTH CLAIM: PERONAL LIABILITY

As its fifth claim, against defendant Eugene "Gene" McFadden, Plaintiff incorporates the allegations contained in paragraphs 1.1 through 5.7 and further alleges:

6.1     McFadden is the president and CEO of FMS.  He is also the promoter of FML and is also believed to be the controlling owner of both entities, either by direct equity ownership or through one or more business entities which he controls.

6.2     McFadden knew, or in the exercise of ordinary reasonable care, should have known, that FMS was engaging in actions which were deceptive and fraudulent by using the gross receivable due from The Boeing Company as the basis for securing a revolving line of

SIMBURG, KETTER, SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600   FAX: (206) 223-3929

credit far in excess of what FMS could borrow on its own.  In essence, for each $1,000 FMS billed Boeing, approximately $920 was owed to Plaintiff.  However, instead of borrowing funds based on the $80 to which FMS was entitled on the Boeing payments, it borrowed $800, based on the total $1000 Boeing account receivable, even though McFadden knew, or in the exercise of ordinary reasonable care, should have known, that $920 of every $1000 of Boeing receivable belonged to Plaintiff and not FMS.  FMS failed to remit the proceeds of the loans it received on the Boeing receivables to SPD and to other carriers similarly situated.

6.3     As a result of McFadden's knowing participation in FMS' borrowing program, he is liable to Plaintiff for his independently tortuous conduct.

WHEREFORE, Plaintiff prays for judgment against FMS, FML and McFadden jointly and severally as follows:

1.     For judgment on the first, second and fourth claims in the amount of $575,204 or such other sum as Plaintiff may prove to be due and owing;

2.     For statutory damages on the fourth and fifth claims equal to three times actual damages proven for each violation of the Consumer Protection Act, up to $10,000 per violation.

3.     For judgment on the third claim declaring that funds in excess of FMS' 8% commission, that it received from Boeing in payment of Plaintiff's freight charges, were received in constructive trust for the benefit of Plaintiff;

4.     For prejudgment interest at the rate of 12% per annum on the liquidated sum owed by Defendants to Plaintiff;

5.     For post judgment interest at the statutory rate of 12% per annum until paid;

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600   FAX: (206) 223-3929

1       6.     For costs of suit, including such attorney's fees as to which Plaintiff may be

2 entitled by law under RCW 19.86.090.

3       Dated this 22 day of April 2009.

4

5

6                                   SIMBURG, KETTER, SHEPPARD

7                                   & PURDY, LLP

8

9                                   Andrew D. Shafer, WSBA No. 9406,

                                  Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR MONEY DUE AND OTHER RELIEF- 8

SIMBURG, KETTER,
SHEPPARD & PURDY, LLP
999 THIRD AVENUE, SUITE 2525
SEATTLE, WASHINGTON 98104-4089
(206) 382-2600   FAX: (206) 223-3929